UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BABAK BOGHRATY,

Plaintiff,

v.

TRUSTEES OF BOSTON UNIVERSITY,

Defendant.

Case No. 1:24-cv-12045

## **VERIFIED COMPLAINT**

This is an action for copyright infringement, damages, and declaratory and injunctive relief by Plaintiff Babak Boghraty ("Boghraty" or "Plaintiff") against Defendant Trustees of Boston University ("BU") as a result of BU's willful and unauthorized copying of course materials authored by Boghraty, and breach of a Confidential Settlement and Release Agreement (the "Settlement Agreement," a true and accurate copy of which is attached as Exhibit 1 hereto) in which BU covenanted not to use Boghraty's course materials. In violation of those covenants, BU has been offering and is continuing to offer, a course that incorporates the very materials BU promised not to use, indeed, of which BU promised not even to keep copies. Boghraty seeks preliminary injunctive relief to prevent irreparable harm, declaratory relief, and damages.[1]

---

[1] Boghraty has brought this action promptly upon learning of BU's breach of contract and copyright infringement. Boghraty has also sent demand for relief pursuant to c. 93A,§§ 2 and 9, and will amend this Verified Complaint to add those claims if BU fails to meet his demands.

**PARTIES**

1. Boghraty is an individual. He is a citizen of Iran and holds status as a lawful permanent resident of the United States. His current permanent residence is in Switzerland, Canton Schwyz.

2. On information and belief, BU is a non-profit corporation organized under the laws of the Commonwealth of Massachusetts, with a principal place of business at One Silber Way, Boston, Suffolk County, Massachusetts.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because it arises out of the laws of the United States, and pursuant to 28 U.S.C. § 1338 specifically because it arises out of the Copyright Act of 1976, 17 U.S.C. §§ 1 *et seq*.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims because they are so related to the copyright claim that they form part of the same case or controversy. These supplemental jurisdiction claims do not raise any novel questions of state law, and they do not predominate over the copyright claim.

5. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) over the state law claims because the amount in controversy exceeds $75,000 and is between a citizen of a State and a citizen or subject of a foreign state, specifically a citizen of Massachusetts (BU) and a citizen of Iran (Boghraty). Boghraty is not domiciled in Massachusetts, he is domiciled in Switzerland.

**FACTUAL ALLEGATIONS**

Boghraty Provides his Expertise and Teaching to BU Law School

6. Boghraty is an internationally-recognized expert in managing legal risk in multinational business operations, with more than three decades of experience practicing law.

7. Boghraty has developed unique experience assisting multinational clients operate consistent with the Foreign Corrupt Practices Act, 15 U.S.C. §§ 78dd-1, *et seq.* (the "FCPA"), export control laws and regulations, AML statutes and regulations, and economic sanctions promulgated and enforced by the U.S. Department of Treasury Office of Foreign Asset Control ("OFAC").

8. Boghraty's textbook *Organizational Compliance and Ethics*, Second Edition (Aspen Publications 2023), and its prior 2018 version, are considered the seminal resource on the topic.

9. Between in or around 2014 and 2019, Boghraty helped BU develop a program to teach legal skills relating to organizational compliance and ethics—a nascent and growing legal discipline that offered significant employment opportunities for BU Law School graduates. As part of this effort, Boghraty designed and taught two courses at BU Law School covering risk management strategies for multinational enterprises in relation to U.S. laws governing foreign corruption, export controls, sanctions, AML and terrorist financing. These courses became the foundation for a Risk Management and Compliance Concentration at BU Law School—a certificate program also developed by Boghraty.

10. Boghraty was also a significant financial benefactor of BU Law School, including a gift of $250,000 on or about March 12, 2019 pursuant to an agreement entitled "Risk Management & Compliance Program Fund at the School of Law" (the "Gift Agreement"). He was also a member of the Dean's Advisory Board at BU Law School.

11. Boghraty designed and taught the following courses at BU Law School's JD program:

    a. "JD 778: Introduction to Risk Management and Compliance," ("JD 778") an introductory course to key concepts in legal risk management, including sentencing and prosecutorial guidelines, FCPA, corporate ethics, and design of C&E programs; and

    b. "JD 918: Compliance and Risk Management in Global Commerce," ("JD 918") addressing legal risk management in international trade and finance, covering U.S. export controls, economic sanctions, money laundering and terrorist financing laws.

12. Boghraty authored a casebook covering the content of JD 778, which was originally published in 2018 and allowed other law schools to adopt the course and offer its content to their students. Boghraty never authored a casebook, however, covering the content of JD 918, his advanced course. He composed the syllabus for that course, and first published it for his class on January 4, 2017 (the "Syllabus"). A true and accurate copy of the Syllabus is attached as Exhibit 2.

13. Boghraty has registered the Syllabus as a literary work with the United States Copyright Office, Registration Number TX 9-411-615 (the "Registration"). A true and accurate copy of the Registration is attached as Exhibit 3.

14. In addition to Boghraty's unparalleled expertise in sanctions and compliance law, his courses follow a unique methodology aimed at teaching students how to assess legal risk as a quantifiable value that can be compared to other risks across a business enterprise; and the mitigation of corporate risk through self-imposed internal controls.

15. Boghraty's course JD 918 "Compliance and Risk Management in Global Commerce" imparts a unique set of skills that are highly valuable to multinational corporations. The structure and learning objectives of this course are exclusive to Boghraty, and form the core of his instructional approach. There is no casebook covering the content of this course and no other law school offers a course with a similar structure and learning objectives.

16. Boghraty has not published the content of Compliance and Risk Management in Global Commerce or shared it outside of his classes. Rather, he uses that content only for the benefit of his students.

17. Boghraty's proprietary course materials are the product of hundreds of hours of work.

The 2019 Dispute

18. In late 2019, a dispute arose between Boghraty and BU concerning the use of his intellectual property and teaching material. The resolution of that dispute, and BU's present-day misuse of the very same materials, is essential context to Boghraty's claims here.

19. On October 31, 2019, Boghraty's then-counsel raised certain concerns with BU's performance of the Gift Agreement. Before BU responded, Boghraty learned of BU's unauthorized use of his proprietary materials.

20. Specifically, on November 7, 2019, BU Law School posted on LinkedIn a job listing for "Part Time Instructor, Compliance and Risk Management in Global Commerce." A true and accurate copy of this posting is attached as Exhibit 4.

21. The job listing included a description of the JD 918 Compliance and Risk Management in Global Commerce course that was designed and taught by Boghraty, and which was lifted verbatim from the Syllabus.

22. This discovery was alarming to Boghraty because roughly two weeks prior to posting this job using his materials, BU Law School Associate Dean Stacey Dogan had explicitly promised Boghraty that BU Law School would <u>not</u> infringe on his intellectual property—including the Syllabus. Specifically, she affirmed BU's commitment to Boghraty's intellectual property:

> Course syllabi (JD 778, JD 918 and Business Ethics). We confirm that <u>these documents are your work product, with the copyright owned by you</u>; and we will not use them in any way that would infringe your copyright, without prior permission from you.

23. This statement was consistent with both parties' understanding of the proprietary nature of Boghraty's course materials, that the materials offered a unique benefit to a course on those topics, and that Boghraty has a vested interest in controlling their exploitation.

24. As is apparent from this side-by-side comparison, the job posting was effectively a word-for-word copy of a section of the Syllabus:

| **Course Description in 2019 BU Law Job Listing For Compliance and Risk Management in Global Commerce** | **Course Description in the Syllabus** |
|---|---|
| This course covers U.S. laws governing global trade and finance. We will examine the compliance obligations of multinational enterprises pursuant to U.S. export controls, sanctions, AML and terrorist-financing laws. Key focuses of the course will be the extraterritorial scope of U.S. laws, and techniques for mitigating legal risk in transnational business operations. Students will learn how to: 1. Identify and assess legal risk in transnational trade and financial operations; 2. Build compliance programs that effectively mitigate such risk; and, 3. Manage interactions between multinational enterprises and U.S. enforcement agencies. | The course covers U.S. laws governing global trade and finance. We will examine the compliance obligations of multinational enterprises pursuant to U.S. export controls, sanctions, AML and terrorist-financing laws. Key focuses of the course will be the extraterritorial scope of U.S. laws, and techniques for mitigating legal risk in transnational business operations. Students will learn how to: Identify and assess legal risk in transnational trade and financial operations; Build compliance programs that effectively mitigate such risk; and, Manage interactions between multinational enterprises and U.S. enforcement agencies. |

25. The only change was from "this" to "the," and adding numbering.

26. Boghraty raised these concerns explicitly in a letter from his then-counsel dated November 12, 2019. A true and accurate copy of this letter is attached as Exhibit 5.

27. BU's counsel responded to Boghraty's concerns in a letter dated November 13, 2019 confirming that BU had removed the job posting and assuring Boghraty that BU would stop using the Syllabus for JD 918. A true and accurate copy of this letter is attached as Exhibit 6.

28. After negotiations over the next few months, Boghraty and BU executed the Settlement Agreement on or about February 10, 2020.

29. In the Settlement Agreement, BU agreed to rescind Boghraty's generous financial gift.

30. In addition, BU agreed to destroy permanently all paper and electronic copies of all syllabi, reading materials, slides and related materials for all courses that Boghraty had taught at BU Law, specifically including JD 778 and JD 918 (collectively referred to as the "Courses"), as well as a variety of other materials created by Boghraty.

31. BU also covenanted as follows:

> i. BU will not use any information contained in any electronic or paper document in any format that refers to or is taken directly from the Courses, Proposed Course, Projects (as described in Exhibit A), Complaint, or Analysis;
> ii. BU will not offer any course or clinic that uses information taken directly from the Courses, Proposed Course, Projects (as described in Exhibit A), Complaint, or Analysis.

32. In other words, BU promised not to do exactly what had prompted the dispute in the first place: use or copy the course materials (including the Syllabus) developed by Boghraty. The Settlement Agreement confirms that BU's promise in this respect was a material inducement for Boghraty to enter into the Settlement Agreement.

BU Law School Approaches Boghraty in 2024 and Asks Him to Teach Again

33. In the spring of 2024, BU Law School approached Boghraty to see if he might be interested in teaching his courses again.

34. Specifically, on June 17, 2024, Associate Dean for Academic Affairs Stephen Marks e-mailed Boghraty, and proposed that Boghraty teach JD 778 (Introduction to Risk Management and Compliance) in the spring semester, 2025.

35. Boghraty replied to clarify that Dean Marks was <u>not</u> proposing that Boghraty teach JD 918 in the coming year.

36. Dean Marks responded by implicitly confirming that BU was only interested in JD 778 (Ethics), stating: "As for 2025-26, I am not wed to anything, since we have complete flexibility to do whatever is best for the school.  So I do not rule out the Global Commerce course." JD 918 was the Global Commerce course that Boghraty taught prior to the Settlement Agreement.

37. A true and accurate copy of this e-mail exchange is attached as Exhibit 7.

38. Boghraty corresponded further with Dean Marks, who continued to try to persuade Boghraty to return to BU.

39. By this time, BU Law School had posted JD 918 as a spring 2025 course publicly to be taught by a different instructor than Boghraty.

40. A true and accurate of the course description posted in late June 2024 (the "Infringing Course") is attached as Exhibit 8.

41. That posting alarmed Boghraty because the Infringing Course description is effectively <u>identical</u> to the very description that promoted the need for the Settlement Agreement

8

five years ago, rearranging the list of topics slightly and adding "cryptocurrency." The Infringing Course listing posted in June 2024 is as follows:

> This course covers U.S. laws governing global trade and finance. We will also explore sections of the UK and EU regulations. We will examine the compliance obligations of multinational enterprises pursuant to U.S. Anti-Money Laundering, Sanctions, export controls, and cryptocurrency laws and regulations. Key focuses of the course will be the extraterritorial scope of U.S. laws, and techniques for mitigating legal risk in transnational business operations. Students will learn how to: 1. Identify and assess legal risk in transnational trade and financial operations; 2. Build compliance programs that effectively mitigate such risk; 3. Manage interactions between multinational enterprises and U.S. enforcement agencies; Present professionally and effectively to various audiences about those risks.

42. The descriptions compare as follows:

> This course covers U.S. laws governing global trade and finance. <ins>We will also explore sections of the UK and EU regulations.</ins> We will examine the compliance obligations of multinational enterprises pursuant to U.S. <ins>Anti-Money Laundering, Sanctions,</ins> export controls, <del>sanctions, AML and terrorist financing</del><ins>and cryptocurrency</ins> laws <ins>and regulations</ins>. Key focuses of the course will be the extraterritorial scope of U.S. laws, and techniques for mitigating legal risk in transnational business operations. Students will learn how to: 1. Identify and assess legal risk in transnational trade and financial operations; 2. Build compliance programs that effectively mitigate such risk; <del>and</del> 3. Manage interactions between multinational enterprises and U.S. enforcement agencies<ins>; Present professionally and effectively to various audiences about those risks</ins>.

43. In other words, the Infringing Course <u>is effectively identical to the very course that prompted the need for the Settlement Agreement and which cannot be taught without Boghraty's proprietary course materials</u>, just as the 2019 job posting had copied the Syllabus.

44. Boghraty immediately registered his objection with Dean Marks, noting that "the school may already be in violation of the agreement by publishing and disseminating the course description." A true and accurate copy of Boghraty's June 25, 2024 e-mail stating that is attached as Exhibit 9.

45. BU's response ignored Boghraty's clear demand that BU honor the Settlement Agreement. Instead, BU's dean Angela Onwuachi-Willig rationalized that: "[f]or accreditation

9

reasons and other key reasons like accommodation of different learning styles, plus more, we have to no choice but to offer these key required courses for the program in person," but failed to address at all Boghraty's clear identification of BU's ongoing breach.

46. Notwithstanding Boghraty's repeated objections, BU continues to offer the Infringing Course and publish portions of the Syllabus on BU's website.

## CAUSES OF ACTION

### Count I
### Copyright Infringement

47. Boghraty restates and incorporates by reference the allegations in Paragraphs 1 to 46 as though fully set forth herein.

48. The Syllabus is an original work of expression within the meaning of 17 U.S.C. § 102(a), specifically, a literary work.

49. Boghraty is the owner of the copyright in the Syllabus, as evidenced by (but not limited to) the Registration.

50. Pursuant to 17 U.S.C. § 106, Boghraty has the exclusive right, *inter alia*, to reproduce the Syllabus, to distribute copies of the Syllabus, and to display the Syllabus publicly.

51. BU has acknowledged Boghraty's ownership of the intellectual property he developed in the courses taught, which includes the Syllabus.

52. Notwithstanding Boghraty's exclusive rights under 17 U.S.C. § 106, BU has copied the Syllabus and displayed it publicly, including but not limited to the Infringing Course. On information and belief, notwithstanding Boghraty's exclusive rights under 17 U.S.C. § 106, BU has distributed copies of the Syllabus.

53. BU's violation of Boghraty's exclusive rights constitutes copyright infringement under 17 U.S.C. § 501.

54. BU's infringement is willful.

55. As a result of BU's willful infringement, Boghraty has been damaged in an amount to be determined at trial.

## Count II
## Breach of Contract

56. Boghraty restates and incorporates by reference the allegations in Paragraphs 1 to 55 as though fully set forth herein.

57. The Settlement Agreement is a contract.

58. In the Settlement Agreement, BU agreed to destroy any copies of Boghraty's proprietary course materials, and not to offer any courses using those materials.

59. Notwithstanding those promises, BU has scheduled a course that could only be taught using the very material BU promised never to use.

60. BU's conduct is willful. Its recent use of portions of the Syllabus in course descriptions and course materials is virtual identical to its conduct in 2019 that it conceded concerned materials that Boghraty has the exclusive right to control.

61. Apparently frustrated with Boghraty's decision in 2024 not to teach at BU using his materials, BU has resolved to circumvent the Settlement Agreement by doing exactly what it promised it would not.

62. The foregoing, among other acts, constitute a breach of the Settlement Agreement.

63. As a result of BU's breaches of the Settlement, Boghraty has been damaged in an amount to be determined at trial, but in any event in an amount that exceeds $75,000.

64. In addition, BU's breaches of the Settlement Agreement have caused and are causing Boghraty irreparable, ongoing, and non-monetary harm. Specifically, Boghraty's course

materials are unique and cannot simply be replaced. In the absence of the control of his course materials, Boghraty cannot effectively teach.

65. Money damages will not adequately remedy the harm to Boghraty's chosen profession: reaching students.

66. As a result, Boghraty requires preliminary and permanent injunctive relief.

### REQUEST FOR RELIEF

WHEREFORE Plaintiff asks this Court to enter judgment in his favor and against Defendant, and to:

A. Enter a preliminary injunction enjoining BU from:

   a. (i) using any information contained in any electronic or paper document in any format that refers to or is taken directly from the Courses, Proposed Course, Projects (as those terms are defined in and described in Exhibit A to the Settlement Agreement), Complaint, or Analysis as those terms are defined in the Settlement Agreement; and/or

   b. (ii) offering any course or clinic that uses information taken directly from the Courses, Proposed Course, Projects (as those terms are defined in and described in Exhibit A to the Settlement Agreement), Complaint, or Analysis as those terms are defined in the Settlement Agreement; and/or

   c. (iii) copying, distributing, displaying or otherwise using the Syllabus or any other works or other materials that include, copy, are derived from, or otherwise embody the Syllabus in violation of Boghraty's exclusive rights under 17 U.S.C. § 106; and

B. Issue judgment that BU has infringed Boghraty's copyright; and

C. Issue judgment that BU has breached the Settlement Agreement; and

D. Award to Boghraty his damages in an amount to be determined at trial for breach of contract and pursuant to 17 U.S.C. §§ 502-505; and

E. Issue permanent injunctive relief in the forms set forth above; and

F. Award the Plaintiff's costs, expenses and attorneys' fees as permitted by law, including but not limited to BU's willful copyright infringement pursuant to 17 U.S.C. § 505; and

G. Award such other relief as is fair and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

<u>Verification</u>

I, Babak Boghraty, verify, under penalty of perjury, that the allegations in this Verified Complaint are true and correct, to the best of my knowledge, information, and belief.

Dated: August 8, 2024  /s/ *Babak Boghraty*
Babak Boghraty

Respectfully submitted,

Dated: August 8, 2024  BABAK BOGHRATY

By his attorneys,

*/s/ Nicholas M. O'Donnell*
Nicholas M. O'Donnell, BBO# 657950
*nodonnell@sullivanlaw.com*
Erika J. Dennery, BBO# 713005
*edennery@sullivanlaw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA  02109
P: 617.338.2800
F: 617.338.2880